UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA ALLEN WARD,<br><br>Defendant. | Case No. 1:11-cr-00142-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Joshua Ward's Motion to Reduce Sentence. Dkt. 90. The Government opposes the motion. Dkt. 91. After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

In 2012, Ward was convicted of unlawful possession of a firearm and was sentenced to 180 months incarceration. Dkt. 68. His sentence was subsequently reduced to 157 ½ months based on his time served awaiting trial and sentencing. Ward had prior convictions for assault, robbery, and burglary. His sentence was enhanced under 18 U.S.C. § 924(e)(1), the armed career criminal statute, resulting in a mandatory minimum sentence of 180 months.

Ward has served approximately 120 months of his sentence. His projected release date is June 4, 2024. Ward is currently incarcerated at USP Lompoc,[1] which has 1 inmate and 2 staff with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed February 4, 2021).

Ward is 43 years old and suffers from deep vein thrombosis, which is treated with anticoagulation therapy. Dkt. 92-1 at 12. Ward also alleges that he is suffering from severe venous insufficiency and a nodule on his lung. *See* Dkt. 93. Ward is married and is a stepfather to his wife's three children. Dkt. 90.

While incarcerated Ward has had a mixed record. He has participated in multiple classes, including serving as a tutor for a general education development program. Dkt. 90-3 at 1. However, he has disciplinary actions for possession of an unauthorized item in 2020, a multiple inmate fight in 2019, being insolent to staff members on multiple occassions, threatening to stab a staff member in the face while on a recorded jail call in 2018, and assaulting another inmate in 2014. Dkt. 92.

---

[1] At the time of his motion Ward was confined at USP Victorville, he has since been transferred to USP Lompoc. A July 2020 Office of the Inspector General report found multiple deficiencies with BOP's handling of the COVID-19 pandemic at FCC Lompoc, including USP Lompoc. Dkt. 95 at 5. Wared filed a motion to amend his original motion based on his transfer, the court will grant the motion to amend, to the extent that it has considered the information Ward provided. Dkt. 95.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

Mr. Ward seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Ward submitted a request for compassionate release to the Warden, which was denied on June 18, 2020. Therefore, he has exhausted his remedies under § 3582(c)(1)(A) and his motion is ripe for consideration.

The § 3553(a) factors do not warrant a reduction of Ward's sentence. Ward was arrested for a parole violation on his 2007 aggravated assault sentence. At the

time of the arrest he was in possession of a handgun, ammunition, and shotgun shells. He has served approximately 120 months of his sentence. Ward's mixed record while in prison does not significantly change the § 3553(a) analysis from the time of his sentencing. Further, the Court cannot find that he would not be a danger to society if released.

Ward has also not demonstrated extraordinary and compelling reasons warranting his release. He is 43 years old, he suffers from deep vein thrombosis, which does increase his risk of complications if he contracts COVID.[2] However, USP Lompoc has 1 inmate with an active COVID infection, which is considerably less than the peak infection at the facility. Accordingly, the Court will deny Ward's motion.

---

[2] As Ward argues, deep vein thrombosis is essentially a cardiac condition, which as the CDC recognizes, puts individuals at an increased risk of severe symptoms or complications if they contract COVID. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#chronic-kidney-disease (last accessed January 7, 2021).

**MEMORANDUM DECISION AND ORDER - 4**

## ORDER

**IT IS ORDERED** that:

1. Joshua Ward's Motion to Reduce Sentence (Dkt. 90) is **DENIED.**

2. Joshua Ward's Supplemental Motion to Amend Original Pleading (Dkt. 95) is **GRANTED** to the extent the Court has considered the information provided in the motion.

3. Joshua Ward's Motion to Seal (Dkt. 94) is **GRANTED**.

DATED: February 5, 2021

_____
B. Lynn Winmill
U.S. District Court Judge